THE STATE v. L. C. alias CALVIN HOLLON.

1. CRIMINAL LAW. Libel. An indictment against H for libeling B, alleging that H wrote a letter libelous in character to R, and signed B's name to same, and addressed and delivered it to R, is good on demurrer. The same writing may be libelous of more than one person.

2. SAME. Libel. Publication. The delivery of the libel to one or more persons, or the person libeled, is a sufficient publication.

FROM GILES.

Appeal from the Circuit Court of Giles county. WM. S. McLEMORE, J.

ATTORNEY-GENERAL LEA for the State.

N. SMITHSON for Hollon.

DEADERICK, C. J., delivered the opinion of the court.

The defendant was indicted in the circuit court of

Giles county for libel. The indictment charges the libel to have been composed and written, or procured to be composed and written, by defendant, concerning one W. A. Brown, and then sets out the libel, which purports to be a letter written by said W. A. Brown to a young lady, Ida Rowe. It is libelous in its character and terms. The defendant, however, insists that if libelous at all, it is a libel only on the young lady to whom it was addressed and delivered, and not upon Brown, the prosecutor, whose name is signed to it as if he were the writer. A demurrer upon these grounds was sustained in the court below, and the State has appealed.

Sec. 4760 of the Code defines a libel to be the malicious defamation of a person made public by any printing, writing, sign, picture, representation or effigy, intending to provoke him to wrath, or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse.

Sec. 4762 makes the delivery of the libel to one or more persons, or to the person libeled, a sufficient publication.

Section 5131 provides that it is sufficient that the indictment states generally that the libel was published concerning the party libeled, this fact to be established on the trial.

The demurrer avers that the libel is of Ida Rowe, and purports upon its face to have been written by Brown, and it is therefore no libel as to him.

The indictment contains the averment that it was

written and published by defendant, and delivered by him to Ida Rowe, to whom it was addressed. It is true that it is libelous of her, but the same writing may be libelous of more than one person. If the libel was written and published by defendant, it cer-tainly can be no defense to him that it purports to have been written by a different person, or even by a fictitious person. The writing also concerns Brown, for he is made to say grossly indecent things, which if he had in fact said, would tend to expose him to public hatred and contempt.

It is averred that defendant wrote and published the libel, and the language is to be construed in the sense in which the writer intended. Obviously he intended it should be understood by the person to whom the libel was delivered, that Brown had used to her and of her the vulgar and indecent language contained in the writing. The meaning is that Brown used the language to and of Ida, and if he had put these words down and signed his name to it, there could he no doubt of the libelous character of the writing. If, however, he conveyed the same idea in different form of written communication, although he signed another name than his own, it falls within the definition of libel. It is a defamation of a person made public by writing. And this the writer and publisher is responsible for, no matter how the writ-ing may be signed by him, whether by his own name, the name of a third party, or the name of the party libeled.

It has been held that a published statement that a

person named has been guilty of gross misconduct in insulting two females and a gentleman in a barbarous manner, is libelous: 2 Bish. Criminal Law, sec. 920. And again, in section 914, it is said if obscene or ambiguous language is used, or language which is figurative or ironical, courts and juries will understand it according to its true meaning and import in the sense in which it was intended to be gathered from the context and facts and circumstances under which it was used. It is charged in this case that defendant wrote and published the libel, and signed the name of Brown to it. Thus, in effect, saying Brown uses this language, and he intended it to be so understood, and if such was the intention, it is libelous. It is the writing and publishing that which defames another that makes the libel, without respect to the form of the writing, or how it is signed or addressed, or whether it be signed or not.

We are of opinion, therefore, that the circuit judge erred in sustaining defendant's demurrer, and the judgment will be reversed, and the cause remanded for trial.